CHARLES COBEL, plaintiff in error, *v.* THE PEOPLE, defendants
in error.

Form of an indictment for manslaughter in the second degree in procuring an
   abortion, under the act of 1846, chapter 22, section 1.
An indictment for manslaughter in the second degree charged the killing of the
   quick child of M. A. B., by instruments used on her body, for the purpose of
   procuring an abortion.   The jury found the prisoner not guilty of manslaughter
   in the second degree, but guilty of a misdemeanor in employing instruments
   and other means "upon the person of a pregnant woman, with intent thereby
   to procure the miscarriage of such woman."   *Held,* that the verdict was defect-
   ive in not finding that the offense was committed upon the person named
   in the indictment, and the judgment rendered thereon was, for that reason,
   reversed.

AN indictment was found against the prisoner, in the follow-
ing form :

" *City and County of New York, ss:*
   The jurors of the People of the State of New York in and
      for the body of the city and county of New York, upon
      their oath, present :
   That Charles Cobel, late of the first ward of the city of
New York, in the county of New York aforesaid, on the thir-
tieth day of September, in the year of our Lord one thousand
eight hundred and sixty-one, at the ward, city and county
aforesaid, with force and arms, in and upon one Mary Ann
Baker, in the peace of the People of the State of New York
then and there being; she, the said Mary Ann Baker, being
then and there pregnant with a quick child, feloniously and
willfully did make an assault; and that the said Charles Cobel
then and there did willfully and feloniously use and employ
on and upon the womb and body of the said Mary Ann Baker
a certain instrument to the jurors aforesaid unknown, with
intent thereby then and there feloniously to destroy the said
quick child, the same not then and there being necessary to
preserve the life of the said Mary Ann Baker, the mother of

the said quick child, and not having then and there been advised by two physicians to be necessary for that purpose, by means whereof the death of the said quick child was thereby produced, against the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity.

And the jurors aforesaid, upon their oath aforesaid, do further present, that the said Charles Cobel, late of the ward, city and county aforesaid, afterwards, to wit, on the day and in the year aforesaid, at the ward, city and county aforesaid, with force and arms, in and upon the said Mary Ann Baker, then and there being, and being then and there pregnant with a quick child, feloniously and willfully did make another assault; and that the said Charles, a certain instrument, the name whereof is to the jurors aforesaid unknown, which he, the said Charles, in his right hand then and there had and held, into her, the said Mary Ann, and into and upon the womb of her, the said Mary Ann, did feloniously thrust, push and press, and did then and there willfully and feloniously use and employ the said instrument upon the said Mary Ann, in manner aforesaid, with intent feloniously to destroy the said quick child, the same not then and there being necessary to preserve the life of the said Mary Ann, the mother of said child, and not having been advised by two physicians to be necessary for that purpose, whereby, and by means whereof, the said child became and was then and there weak, debilitated, and mortally sick and distempered in body, of which said weakness, debilitation, mortal sickness and distemper, so occasioned as aforesaid, the said child then and there did die.

And so the jurors aforesaid, upon their oath aforesaid, do say, that the said Charles Cobel, the said child, in manner and form, and by the means aforesaid, on the day and in the year aforesaid, at the ward, city and county aforesaid, willfully and feloniously did kill and slay, against the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity.

NELSON J. WATERBURY, *District Attorney.*

The prisoner pleaded "not guilty," and the issue was tried in the New York General Sessions, before JOHN H. McCUNN, city judge, in January, 1862.

The jury rendered the following verdict: "Not guilty of manslaughter in the second degree, but guilty of a misdemeanor, to wit, in the use and employment of instruments and other means upon the person of a pregnant woman, with intent thereby to procure the miscarriage of such woman."

A motion was made in arrest of judgment, which was denied, and the prisoner was sentenced to imprisonment in the penitentiary for the term of one year. A writ of error was then brought, removing the record to this court.

*E. Blankman*, for the plaintiff in error.

*S. B. Garvin*, for the People.

*By the Court*, INGRAHAM, P. J. Without examining the question whether, under an indictment for using instruments upon a female with the intent to destroy a quick child, of which such female was pregnant, the prisoner could be convicted of a misdemeanor in using such instruments upon the same female with intent to procure a miscarriage, we are of the opinion that a conviction in this case cannot be sustained. The verdict of the jury was, "Not guilty of manslaughter in the second degree, but guilty of a misdemeanor, to wit, in the use and employment of instruments and *other means* upon the person of a pregnant woman, with intent thereby to procure the miscarriage of such woman." The indictment charged the commission of the offense to have been on Mary Ann Baker only. The finding should have been that such offense was committed upon her, or the indictment is not sustained. Finding the offense to have been committed upon *a woman*, who is not named, does not show that the offense charged has been proved.

We think the judgment was erroneous, and must be reversed, and a new trial ordered in the Sessions.